Argued and submitted June 28, 1991, affirmed February 26, 1992

# ALLEN CURTIS BECK,
*Appellant,*

*v.*

# R. L. WRIGHT,
*Respondent.*

(89-C-10711; CA A65313)

826 P2d 102

Lester E. Seto, Salem, argued the cause and filed the brief for appellant.

Meg E. Kieran, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## DEITS, J.

Petitioner appeals the dismissal of his petition for post-conviction relief. He argues that the trial court erred in failing to grant his motion to disqualify itself and in denying post-conviction relief. We affirm.

Petitioner was convicted of first degree sodomy and sentenced to a 12-year term of imprisonment. He filed his original petition for post-conviction relief on April 21, 1989, while incarcerated at the Oregon State Correctional Institution (OSCI). An amended petition was filed on June 6, 1989. Although petitioner was transferred in January, 1990, to Eastern Oregon Correctional Institution (EOCI), on February 2, 1990, the trial court entered an order continuing venue in Marion County. On February 3, 1990, petitioner's post-conviction counsel requested leave to withdraw. The trial court granted the request and appointed substitute counsel on February 9, 1990.

A hearing was held on the petition on May 8, 1990. At that time, petitioner made an oral motion for the judge to disqualify himself. He was allowed to make an oral affidavit in support of his motion. The trial court denied the motion as untimely. At that time, petitioner also contended that the amended petition was deficient, because it did not allow him to make all of the claims that he wanted to. He also asserted that his newly appointed attorney was not satisfactory. In response to petitioner's concerns, the trial court asked his new attorney whether the amended petition allowed petitioner to assert all of his claims. Counsel assured the court that it did. The court then allowed the proceedings to continue.

■ Petitioner first argues that the trial court erred in denying his motion for disqualification as untimely. The trial court denied the motion on the ground that it was not filed within five days after the cause was at issue on a question of fact, as required by ORS 14.260(2). It is unnecessary, however, to decide whether petitioner's filing complied with that requirement. ORS 14.260(3) provides that "no motion to disqualify a judge shall be made after the judge has ruled upon any petition, demurrer or motion other than a motion to extend time in the cause, matter or proceeding." The trial

court had ruled on a number of motions in February. The trial court's denial of petitioner's motion to disqualify was proper.

Petitioner's second assignment of error is that the trial court "erred as a matter of law in failing to intervene to insure a full and fair presentation of all the issues petitioner requested." Petitioner's principal concern is that he was not able to raise all of his claims. However, the court did inquire into his concerns and satisfied itself that the pleadings were broad enough to allow consideration of all of his claims for relief. In response to questions from the court, petitioner acknowledged that his amended petition was filed after he had had an opportunity to confer with his original post-conviction attorney.

Petitioner contends that additional claims were raised in a letter from his former counsel and that those claims were not included in the amended petition. His new attorney advised the court that she had talked to petitioner's former counsel and that she was told that, in his view, there were not any additional issues to be raised in the petition and that the matter was ready to go to court. The trial court also asked petitioner's new counsel to review the letter to determine if it raised any issues not included in the amended petition. She told the court that she had examined the letter and that all of petitioner's claims were included in the petition.

On appeal, the only specific claim that petitioner asserts that he was not able to raise in the post-conviction proceeding was the propriety of allowing the victim's father to "coach, coax and cajole testimony from the victim" and his trial counsel's failure to object. However, the issue was addressed. During the post-conviction proceeding, petitioner's attorney questioned his trial counsel about the effect of the victim's father being on the witness stand.

Petitioner also argues that he "was never apprised that he could ask leave of court to withdraw this petition prior to entry of judgment and refile a more accurate petition at a later date. ORS 138.550(3); ORS 138.610." The trial court had no obligation to advise petitioner in that respect. We conclude that petitioner was not denied a fair opportunity to present his case.

■ Petitioner's third assignment of error is that the trial court abused its discretion in failing to appoint "suitable counsel." His complaint is that the appointment of a Salem attorney when he was imprisoned in Pendleton "impose[d] an unreasonable burden on litigation." He complains that he was unable to consult with counsel before the hearing and was, therefore, unable to participate in the litigation and to have the pleadings amended to his satisfaction. However, as discussed above, the trial court satisfied itself that counsel was familiar with the case and that all of petitioner's claims were being raised. The trial court did not abuse its discretion in determining that petitioner's attorney was suitable.

Affirmed.